THE CHICAGO, BURLINGTON & QUINCY R'Y CO. v. JACKSON.

1. Swamp Lands: RIGHT OF COUNTY TO WITHDRAW FROM MARKET. The land in question was swamp land, belonging to Mills county. In 1855 the county authorities offered its swamp lands for sale at $1.25 per acre, but in 1860 the county court ordered that no more swamp lands should be sold until a further order should be made in relation thereto. In 1866, however, the defendant applied to the board of supervisors, and to the clerk of the board, to purchase the land in question, tendering the sum of $1.25 per acre, but they refused to sell, and never accepted the money tendered. Defendant, nevertheless, entered upon the land and made improvements thereon, and has since held possession. The county afterwards sold and conveyed the land to plaintiff. *Held* that the county court had authority to withdraw the land from market, under §§ 928, 930, 941 of the Revision, and that defendant, by virtue of his tender and occupancy, acquired no equitable rights in the land which he could maintain as against the county's grantee.

*Appeal from Mills District Court.*

WEDNESDAY, MARCH 17.

ACTION for possession of eighty acres of land in Mills county. The defendant set up an equitable defense, and the case was tried as an equitable action. There was a decree for the defendant. The plaintiff appeals.

*Watkins, Williams & Wright,* for appellant.

*D. H. Solomon,* for appellee.

ADAMS, CH. J.—In 1866 Mills county had acquired title to the land in question, and held the same as swamp land. In that year the defendant applied to the board of supervisors, and to the clerk of the board, to purchase the same, tendering the sum of $1.25 per acre; but both the board and the clerk refused to sell the land to him, and refused to accept the money tendered, and never did accept it, and the same has been retained by the defendant. Notwithstanding these facts, however, the defendant took possession and made improvements, and has held possession since that time. In 1870 the county conveyed the land by deed to the Burlington & Missouri River Railway Company, and in 1875 that company conveyed it to the plaintiff. That the legal title is now in the plaintiff is indisputable.

The defendant, however, claims that he became the equitable owner by reason of his offer to purchase and his tender of $1.25 per acre, and that the conveyance to the Burlington & Missouri River Railway Company was made by mistake, under a contract which did not in fact entitle the company to the land, as was then supposed. The defendant claims that in 1855 the land was duly offered for sale at $1.25 per acre, and remained in market, and was subject to sale, at that price, when he made application to purchase the same, and made the tender above set out. For the purpose of the

opinion it may be conceded that in 1855 the land was offered for sale as the defendant claims. It appears, however, that in 1860 the county court ordered that no more swamp land should be sold until a further order should be made in relation thereto. The order of the county court withdrawing the land was, if valid, in force at the time of the defendant's application and tender.

The defendant, however, contends that the court had no power to make the order withdrawing the land, and that the clerk of the board should have disregarded it and accepted his money and made him a deed. But, under section 928 of the Revision, the swamp lands were placed under the care and superintendence of the county courts, and by section 930 it was provided that the courts may order a part only of the lands to be sold, as they may deem expedient, and by section 941 it was provided that the courts shall not sell or dispose of any more of said lands than shall be absolutely necessary to complete the reclaiming. We think that the court had the power to make the order in question.

The plaintiff having the legal title, and the defendant no title of any kind, it is perhaps not important to consider how the county came to convey to the plaintiff's grantor, or whether it did so by mistake or not. But the plaintiff's right seems to be reasonably clear. The conveyance was made in pursuance of a contract which called for "odd sections vacant." The defendant's position is that the land in question, though in an odd section, was not vacant, because he was in possession. Under the view, however, which we have taken of the case, he was a mere trespasser. The county had expressly refused to sell to him, as he well knew. That the county regarded the land as vacant at the time it entered into the contract with the plaintiff's grantor must be presumed.

We think that the plaintiff was entitled to judgment for possession.

REVERSED.